tion of his constitutional rights and was an inaccurate and an untrue recordation of what he said to the F.B.I. agent. (4) What he in fact said was merely that he had carried produce from New York to New Orleans, and he signed the statement believing that it accurately reflected what he had verbalized. (5) He is largely illiterate and did not know when he signed the statement that it contained an admission to earlier participation in heroin traffic, an admission that he had not articulated.

■ Prior to acting on the petition, the sentencing judge wrote Avery that he had examined the presentence report and that the allegedly erroneous statement did appear in the report. Subsequently the sentencing judge held that insofar as the petition attacked Avery's sentence it was barred by the passage of time, citing United States v. Granville, 456 F.2d 1073 (CA5, 1972), and insofar as it attacked the Parole Board's use of the statement it was a claim which could not be asserted in § 2255 proceedings in the sentencing court but could only be maintained in the Northern District of Georgia where Avery was in custody. The sentencing judge's citation to *Granville*, a case decided on the basis of expiration of the 120-day time allowed by F.R.Crim.P. 35, implies that he believed that Avery's allegations did not raise issues cognizable under § 2255 but rather ones which could only be asserted under Rule 35. We think this premise must be reexamined under the teachings of cases indicating that in limited circumstances § 2255 is available to test whether information in a presentence report was relied upon by the sentencing judge and whether the information was erroneous. See, *e. g.*, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Haynie v. United States, 474 F.2d 1051 (CA5, 1973); United States v. Espinoza, 481 F.2d 553 (CA5, 1973); Franchi v. United States, 464 F.2d 1035 (CA5, 1972); Lipscomb v. Clark, 468 F.2d 1321 (CA5, 1972); Russo v. United States, 470 F.2d 1357 (CA5, 1972);

Baker v. United States, 388 F.2d 931 (CA4, 1968).

Following entry of the dismissal appealed from Avery sought to file in the Northern District of Georgia an attack on the Parole Board's use of the allegedly erroneous statement. That court, with knowledge of the dismissal order in the federal court in Louisiana, refused to permit filing of the petition in forma pauperis and notified Avery that he must proceed in the Eastern District of Louisiana.

■ In view of our disposition of Avery's attack on his sentence, we do not reach the issue of whether venue lies in the Eastern District of Louisiana for the attack on the Parole Board's use of the statement. In the event the sentencing judge's disposition of the case is not dispositive of Avery's claim concerning the Parole Board records, he should consider whether venue for that claim lies in his district under 28 U.S.C. § 1391(e) or any other statute, and if venue there is found to be inappropriate, he should consider whether to transfer the cause to the appropriate district under 28 U. S.C. § 1406.

Vacated and remanded.

**L. D. HILLIARD, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

**No. 72–1869.**

United States Court of Appeals, Fifth Circuit.

May 20, 1974.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORN-

BERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM,* RONEY and GEE, Circuit Judges.

BY THE COURT:

The Court on its own motion having taken the case for rehearing en banc, the en banc Court is dissolved and the cause remanded to the panel for disposition. (See following opinion 5 Cir., 494 F.2d 35.

**L. D. HILLIARD, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

**No. 72–1869.**

United States Court of Appeals, Fifth Circuit.

May 20, 1974.

Harry H. Walsh, Huntsville, Tex., William T. Armstrong, III, Staff Atty., Weldon, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., E. L. Hamilton, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Following the panel's decision in Hilliard v. Beto, 5 Cir., 1972, 465 F.2d 829 the Court on its own motion took the case en banc. Upon further consideration the full Court remanded the case to the panel since even the most conservative reading of the factual allegations of petitioner's § 2254 complaint shows that he is claiming to be the victim of a broken plea bargain, but there has been no factual hearing to determine whether this claim is supported. Indeed there was not even so much as a show cause order which would have produced the Texas state court record including the proceedings on receipt and acceptance of the plea and sentencing.

Consequently, as in Gallegos v. United States, 5 Cir., 1973, 476 F.2d 1281 (en banc) withdrawing the panel opinion, Gallegos v. United States, 5 Cir., 1972, 466 F.2d 740 we vacate our prior opinion (465 F.2d 829) and remand to the District Court for an appropriate factual hearing and determination of the plea bargain claim and any matters related to it in the plea and sentencing hearings in the state court.

Vacated and remanded.

---

* Judge Ingraham, now a Senior Judge, was sitting as a regular active circuit judge at the date this case was considered. Judge Gee was not a member of the Court on that date.